IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-441-F

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC., KEVIN SAUL, Individually and d/b/a Saul Mobile Appliances, and EDDIE GODFREY, Individually and d/b/a Tri-County Appliance Services,<br><br>Defendants. | **ORDER** |

This matter is before the court on Defendant Eddie Godfrey's Motion to Dismiss [DE-11], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and on Plaintiff State Farm Fire and Casualty Insurance Company's Unopposed Motion for Leave to File Second Amended Complaint [DE-20]. The issues have been fully briefed and the matters are ripe for ruling. For the reasons stated herein, Godfrey's Motion to Dismiss [DE-11] is ALLOWED. Furthermore, for good cause shown, the Unopposed Motion for Leave to File Second Amended Complaint [DE-20] is ALLOWED.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff State Farm Fire and Casualty Insurance Company ("State Farm") filed its first complaint against the defendants on August 4, 2014 [DE-1]. State Farm's claims arise out of an insurance policy issued to the Turners, who are not parties to this case, and out of a fire that occurred at the Turners' home on November 17, 2011. State Farm amended its complaint on

August 14, 2014. *See* Amended Complaint [DE-8]. Eddie Godfrey filed his motion to dismiss on August 26, 2014. The allegations in State Farm's Amended Complaint, which the court must accept as true for purposes of this motion, show the following.

On or about October 7, 2002, the Turners purchased a dryer from Lowe's Companies, Inc., and had it installed in their home. *See id.* at ¶¶ 10-12. However, after experiencing excessive drying times, the Turners complained several times to American Home Shield Corporation ("AHS"), a service contracting company. *Id.* at ¶¶ 18-19. On October 1, 2007, AHS assigned service for the dryer to a company called ISC, Inc., which in turn subcontracted the work to Defendant Eddie Godfrey. *Id.* at ¶¶ 20-21.

Sometime in October of 2007, Godfrey inspected the dryer and "diagnosed the problem as a defective heating element, which he then replaced." *Id.* at ¶ 22. Godfrey found no other problems. *Id.* at ¶ 23. The Turners continued to experience excessive drying times and again reported the problem to AHS. *Id.* at ¶ 24. In May of 2010, AHS sent Kevin Saul to again investigate the excessive drying times. *Id.* at ¶ 25. Saul also found no problems with the dryer. *Id.* at ¶ 26.

On November 17, 2011, a fire broke out in the Turners' home, caused by "a flexible foil duct" connecting the dryer to the permanent hose exhaust vent. *See id.* at ¶ 16. The dryer manufacturer's instructions had warned against using such a duct and had further called for trimming the duct to a shorter length than had been done in the Turners' home. *Id.* at ¶¶ 16-17. The duct was also the source of the excessive drying times. *Id.* at ¶ 29.

The Turners had an insurance policy with State Farm that insured them "against, *inter alia*, damages to real and personal property." *Id.* at ¶ 9. State Farm paid the Turners for repairing and replacing damaged property as well as for other associated expenses under the insurance

2

policy. *Id.* at ¶ 30. As a result, State Farm was subrogated to the Turners' claims against the defendants. *Id.* at ¶ 31. Of the three defendants in this case, State Farm has sued Godfrey for (1) Breach of Third Party Beneficiary Contract, (2) Negligence, and (3) Breach of Implied Warranty of Workmanlike Service.

## LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts must determine the legal sufficiency of the complaint. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, courts assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (alteration in original) (citing *Twombly*, 550 U.S. at 545, 570). Moreover, although courts draw all reasonable factual inferences in the plaintiff's favor, courts are not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 556 U.S. at 678. Nor must courts accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## DISCUSSION

**I.   The statute of limitations bars State Farm's claims against Godfrey.**

North Carolina imposes a three-year statute of limitations on negligence and contract actions. N.C. Gen. Stat. § 1-52(1), (5). A plaintiff thus has three years from the time a negligence or contract claim accrues to file an action against the offending party. *See id.* "A cause of

3

action . . . accrues when the wrong giving rise to the right to bring suit is committed, even though the damages at that time be nominal and the injuries cannot be discovered until a later date." *Harrold v. Dowd*, 149 N.C. App. 777, 781, 561 S.E.2d 914, 918 (2002).

Generally, North Carolina applies a discovery rule to causes of action where there is latent damage. N.C. Gen. Stat. § 1-52(16). The discover rule tolls the statute of limitations "until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." *Id.* However, once a party discovers that its rights have been "violated, even in *ever so small a degree*, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete." *Mast v. Sapp*, 140 N.C. 533, 540, 53 S.E. 350, 352 (1906) (emphasis added). That is, "once some physical damage has been discovered the injury springs into existence and completes the cause of action." *Pembee Mfg. Corp. v. Cape Fear Constr. Co., Inc.*, 69 N.C. App. 505, 509, 317 S.E.2d 41, 43 (1984). North Carolina courts have held that defects in a product constitute the requisite physical damage. *See id.* at 508-09, 317 S.E.2d at 43 (finding that the plaintiffs had previously discovered signs of defective roof). For example, fogging, discoloration, and condensation between windows has constituted damage that starts the clock running on the statute of limitations. *See Blue Cross & Blue Shield of N.C. v. Odell Assocs., Inc.*, 61 N.C. App. 350, 357-58, 301 S.E.2d 459, 463 (1983); *see also Pembee Mfg.*, 69 N.C. App. at 508-09, 317 S.E.2d at 43 (holding that leaks in a roof gave notice of *defects*).

Here, according to the facts of the complaint, the Turners knew of excessive drying times as early as September 2007 when they contacted AHS. *See* Amended Complaint [DE-8] at ¶ 19. As of that date, the Turners knew that the dryer had some defect. Furthermore, the excessive drying times continued, even after Godfrey's repairs. *Id.* at ¶¶ 22-24. Indeed, in May of 2010, the

4

Turners contacted AHS a second time concerning problems with the dryer. *Id.* at ¶ 24. At the very latest, the Turners were aware of a defect with the dryer at that time. Even if the court were to assume, *arguendo*, that the statute of limitations did not begin to run until the Turners contacted AHS for a second time in May 31, 2010, State Farm did not file suit until December 6, 2013, more than 6 months after the statute of limitations would have expired. However, the Turners were aware of problems with the dryer well before May of 2010.

The statute of limitations clock began to run in October of 2007, when Godfrey finished his ineffective repairs. At that time, the Turners already knew that the dryer was having problems. Those problems were confirmed over the next three years, even causing the Turners to request a second inspection in May of 2010. Thus, the time to file suit against Godfrey expired in October of 2010, years before State Farm filed suit on December 6, 2013.

## II. State Farm's arguments (1) that there was no physical damage, and (2) that the Turners could not have been expected to discover the damage are unavailing.

State Farm does not attack this timeline, but only argues that the language of the discovery rule statute requires physical damage to the claimant's property. *See* Plaintiff's Response and Memorandum of Law in Opposition to Defendant Eddie Godfrey's Motion to Dismiss [DE-12] at 3-4. State Farm argues that there was no physical damage until the fire of November 17, 2011. State Farm further argues that the Turners could not have been expected to have discovered the damage because both Godfrey and Saul failed to discover any damage. These arguments fail.

First, despites State Farm's arguments to the contrary, North Carolina case law shows that defects constitute the physical damage that will start the clock on the statute of limitations as specified in Section 1-52(16) of the North Carolina General Statutes. *See, e.g., Odell Assocs.*, 61

5

N.C. App. at 357-58, 301 S.E.2d at 463; *Pembee Mfg.*, 69 N.C. App. at 508-09, 317 S.E.2d at 43. State Farm cites no authority contradicting this conclusion.

Second, there is a distinction between discovering damage and discovering the *source* of the damage. State Farm conflates the two. While Godfrey and Saul may have failed to discover the source of the damage, the Turners were well aware of the excessive drying times, which indicated that damage did exist, regardless of the source. Again, State Farm cites no authority in support of its argument. Both of its arguments fail.

## CONCLUSION

For the foregoing reasons, Godfrey's Motion to Dismiss [DE-11] is ALLOWED. State Farm's claims as to Godfrey are hereby DISMISSED. Furthermore, the Unopposed Motion for Leave to File Second Amended Complaint [DE-20] is ALLOWED. The Clerk of Court is DIRECTED to separately docket Plaintiff State Farm's proposed amended complaint [DE-20-2] as the new operative complaint in this case.

SO ORDERED.

This, the 25 day of February, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge