IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-441-F

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LOWE'S COMPANIES, INC., KEVIN SAUL, Individually and d/b/a Saul Mobile Appliances, and EDDIE GODFREY, Individually and d/b/a Tri-County Appliance Services, | ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter is before the court on a Motion for Reconsideration [DE-26] filed by Plaintiff State Farm Fire & Casualty Insurance Company ("State Farm"), and on a Motion to Dismiss [DE-28] filed by Lowe's Home Centers, LLC ("Lowe's"). For the reasons stated herein, the Motion for Reconsideration [DE-26] is ALLOWED, and the Motion to Dismiss [DE-28] is DENIED WITHOUT PREJUDICE to renew.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The court already addressed the facts of this case in its Order of February 25, 2015 [DE-24]. The court repeats much of those facts here.

State Farm filed its first complaint against the defendants on August 4, 2014 [DE-1]. State Farm's claims arise out of an insurance policy issued to the Turners, who are not parties to this case, and out of a fire that occurred at the Turners' home on November 17, 2011. State Farm amended its complaint on August 14, 2014. *See* Amended Complaint [DE-8]. The court later

allowed State Farm to file a Second Amended Complaint. *See* Second Amended Complaint [DE-25]. The allegations in the Second Amended Complaint show the following:

On or about October 7, 2002, the Turners purchased a dryer from Lowe's and had it installed in their home. *See id.* at ¶¶ 10-12. However, after experiencing excessive drying times, the Turners complained several times to American Home Shield Corporation ("AHS"), a service contracting company. *Id.* at ¶¶ 18-19. On October 1, 2007, AHS assigned service for the dryer to a company called ISC, Inc., which in turn subcontracted the work to Defendant Eddie Godfrey. *Id.* at ¶¶ 20-21.

Sometime thereafter, Godfrey inspected the dryer and "diagnosed the problem as a defective heating element, which he then replaced." *Id.* at ¶ 21. Godfrey found no other problems. *Id.* at ¶ 22. The Turners continued to experience excessive drying times and again reported the problem to AHS. *Id.* at ¶ 23. In May of 2010, AHS sent Kevin Saul to again investigate the excessive drying times. *Id.* at ¶ 24. Saul also found no problems with the dryer. *Id.* at ¶ 25.

On November 17, 2011, a fire broke out in the Turners' home, caused by "a flexible foil of an improper length" connecting the dryer to the permanent hose exhaust vent. *See id.* at ¶¶ 7, 27, 36-37. The dryer manufacturer's instructions had warned against using such a duct and had further called for trimming the duct to a shorter length than had been done in the Turners' home. *Id.* at ¶¶ 16-17. The duct was also the source of the excessive drying times. *Id.* at ¶ 28.

The Turners had an insurance policy with State Farm that insured them "against, *inter alia*, damages to real and personal property." *Id.* at ¶ 8. State Farm paid the Turners for repairing and replacing damaged property as well as for other associated expenses under the insurance policy. *Id.* at ¶ 29. As a result, State Farm was subrogated to the Turners' claims against the

2

defendants. *Id.* at ¶ 30. State Farm sued Godfrey for (1) Breach of Third Party Beneficiary Contract, (2) Negligence, and (3) Breach of Implied Warranty of Workmanlike Service.

Eddie Godfrey filed a motion to dismiss on August 26, 2014 [DE-11]. In response to that motion, State Farm filed a brief containing only four pages of text that made only a *single* argument: that there was no physical damage to the dryer and thus the statute of limitations had not started running on State Farm's claim, per North Carolina General Statute section 1-52(16). *See* Pl.'s Resp. Mem. Opp'n Mot. Dismiss [DE-12] at 3-4 ("Godfrey's motion should be denied for failure to demonstrate anything in the complaint establishing as a matter of undisputed fact that the dryer or anything around it appeared to be physically damages . . . ."). That was the extent of the plaintiff's argument. The court, in its order allowing Godfrey's motion to dismiss, held that, under North Carolina case law, defects can constitute physical damage and will start the clock on the statute of limitations in Section 1-52(16). *See* Order of February 25, 2015 [DE-24] at 5-6.[1] The court dismissed the claims against Godfrey. *See id.* at 6.

State Farm has now come to the court asking it to reconsider the February 25, 2015 Order. *See* Motion for Reconsideration [DE-26]. In its motion, State Farm mostly dresses its previous argument in new clothes and fleshes out its otherwise barren opposition. However, the motion also makes a critical argument that extends beyond its previous lone argument. Lowe's has also moved to dismiss based on the law of the case. *See* Memorandum of Law in Support of Lowe's Motion to Dismiss [DE-29] at 4-6.

## II. LEGAL STANDARD

Generally, motions for reconsideration are only allowed at the discretion of the court and only under certain circumstances. *See Ga.-Pac. Consumer Prods. v. Von Drehle Corp.*, 815 F.

---

[1] The court noted that Lowe's cited no authority contradicting the court's conclusions. *See id.* Indeed, Lowe's did not cite a single case in support of its argument.

3

Supp. 2d 927, 929 (E.D.N.C. 2011). Those circumstances are typically (1) to correct manifest errors of law or fact or (2) to consider newly discovered evidence. *See id.* Motions to reconsider "are improper if they serve merely to ask the Court 'to rethink what the Court had already thought through-rightly or wrongly.'" *See id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). This also typically requires rejecting new arguments because "[h]indsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order." *See Wiseman v. First Citizens Bank & Tr. Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)).

### III. DISCUSSION

#### A. State Farm's Motion for Reconsideration

As stated in the court's previous order, the discovery rule tolls the statute of limitations "until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." N.C. Gen. Stat. § 1-52(16). However, once a party discovers that its rights have been "violated, even in *ever so small a degree*, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete." *Mast v. Sapp*, 53 S.E. 350, 352 (N.C. 1906) (emphasis added). That is, "once some physical damage has been discovered the injury springs into existence and completes the cause of action." *Pembee Mfg. Corp. v. Cape Fear Constr. Co., Inc.*, 317 S.E.2d 41, 43 (N.C. Ct. App. 1984). North Carolina courts have held that defects in a product constitute the requisite physical damage. *See id.* (finding that the plaintiffs had previously discovered signs of defective roof). For example, fogging, discoloration, and condensation between windows has constituted damage that starts the clock running on the

4

statute of limitations. *See Blue Cross & Blue Shield of N.C. v. Odell Assocs., Inc.*, 301 S.E.2d 459, 463 (N.C. Ct. App. 1983); *see also Pembee*, 317 S.E.2d at 43 (holding that leaks in a roof gave notice of *defects*). Therefore, long drying times can give notice of a defect in a dryer and can start the clock on the statute of limitations. Here, the court was correct in its conclusion that, when (1) physical damage is repetitive and ongoing and (2) the plaintiff has no reason to believe the damage has been repaired, the initial damage is sufficient to notice the cause of action. This reasoning mostly answers State Farm's argument in opposition to Godfrey's motion to dismiss: that there was no physical damage to be discovered in the Turners' dryer.

However, there is an extension of State Farm's argument that they did not make until they moved for reconsideration: that the fire was an injury separate and distinct from the long drying times, and that notice of the long drying times did not provide sufficient notice of the potential fire injury.[2] While the standards for a motion to reconsider would normally bar State Farm from making a novel argument, the court believes that several factors warrant allowing the motion to reconsider. First, while the court did not err in its evaluation of the law, much less make a manifest error or misapprehend State Farm's argument, State Farm's present arguments are a relatively close extension of its original argument. Second, the court believes that, in the interest of justice, State Farm's motion should be considered in order to reach the correct conclusion. Third, had the court had all of these arguments previously at its disposal, it would not have allowed Godfrey's original motion to dismiss. And fourth, motions to reconsider are allowed within the court's discretion. The court chooses to so exercise that discretion *in light of* the aforementioned factors. This particular allowance of a motion for reconsideration should not

---

[2] Had State Farm ventured to write more than four paragraphs in opposing Godfrey's motion to dismiss, perhaps they would have thought to have included this argument. Indeed, its motion to reconsider shows a minimum level of attention that State Farm ought to have given to the matter originally. State Farm is advised to avoid such lapses in the future.

5

act as a signal to other parties that they can normally alleviate a four-paragraph argument opposing dismissal with a motion to reconsider.

The court now turns to the meritorious argument in State Farm's motion to reconsider. In *Harrison v. City of Sanford*, 627 S.E.2d 672 (N.C. Ct. App. 2006), the North Carolina Court of Appeals distinguished cases involving a single, ongoing injury from those cases where the injuries are of a separate and distinct nature. *See id.* at 675 (distinguishing the single, ongoing injury of *Pembee*, 329 S.E.2d 350—a leak in a roof leading to water damage—from the case before it where sewer discharge resulted in separate and distinct injuries). In *Pembee*, the ultimate water damage was an extension of the water accumulation that was occurring due to the leaky roof. *See* 329 S.E.2d at 352, 354. That is, the water damage resulted from the water accumulation: the leaky roof led to the water accumulation, which in turn led to water damage. In *Harrison*, there were two separate sewage discharges. *See* 627 S.E.2d at 675. The first resulted in damage to pipes and concrete. *See id.* The second caused personal property damage and other property damage. *See id.* The injuries were distinct—while the injuries were caused by the same source, the latter injury was not an extension of the first.

The present case more closely resembles *Harrison*. While both the long drying times and the fire allegedly originated from the improper installation of the foil duct, they were separate injuries. The long-drying times did not somehow lead to the fire. They merely extended from the same cause, but as separate manifestations. As State Farm notes in its brief, the damage from the long drying times consisted of having to wait longer for clothes to dry, while the fire destroyed the home and personal possessions. *See* Mem. Mot. Recons. [DE-27] at 11. As a result, the long drying times were insufficient to provide the notice required by the statute of limitations that a fire could possibly result. Additionally, while there may have been some form of notice of a

defect, the quality of that notice was insufficient to warn the Turners against the damage that was to occur. The quality of the notice much match the quality of the injury.

For the foregoing reasons, the Motion for Reconsideration [DE-26] is ALLOWED. The causes of action against Godfrey are reinstated.

**B. Lowe's Motion to Dismiss**

Because the court has reconsidered its Order of February 25, 2015 [DE-24], the basis for Lowe's Motion to Dismiss [DE-28], no longer exists. Therefore, the Motion to Dismiss [DE-28] is DENIED WITHOUT PREJUDICE to renew on a separate basis. Furthermore, because Godfrey was limited in the scope his reply to what was contained in State Farm's opposition to Godfrey's original motion to dismiss, Godfrey is also allowed to file a renewed motion to dismiss if he so wishes.

**IV. CONCLUSION**

For the foregoing reasons, the Motion for Reconsideration [DE-26] is ALLOWED. State Farm's causes of action against Godfrey are reinstated. Additionally, Lowe's Motion to Dismiss [DE-28] is DENIED WITHOUT PREJUDICE to renew on a separate basis. Godfrey is also allowed to renew his motion to dismiss if he so wishes.

SO ORDERED.

This, the 7 day of October, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

7

Case 5:14-cv-00441-F   Document 36   Filed 10/07/15   Page 7 of 7