IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-441

STATE FARM FIRE AND CASUALTY )
INSURANCE COMPANY, )
 )
    Plaintiff, )
 )
vs. )    **ORDER**
 )
LOWE'S COMPANIES, INC., KEVIN )
SAUL, individually and d/b/a Saul Mobile )
Appliances, and EDDIE GODFREY, )
individually and d/b/a Tri-County )
Appliance Services, )
 )
    Defendants. )
_____ )

Before the Court are the following unopposed motions: (1) Plaintiff's Motion to Withdraw Motion for Default Judgment [DE 51]; and (2) Defendant Eddie Godfrey's Motion to Set Aside Entry of Default and to file an answer out of time pursuant to Rule 55(c) of the Federal Rules of Civil Procedure [DE 52].

A court may "set aside an entry of default for good cause." FED. R. CIV. P. 55(c). Although the Fourth Circuit Court of Appeals disfavors defaults and encourages decisions on the merits, *see Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010), the decision to set aside an entry of default "is a matter which lies largely within the discretion of" the district court. *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006). In exercising this discretion, a district court "should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [plaintiff], whether there is a history of dilatory action,

and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) (alteration added). Here, upon considering the above factors and Plaintiff's request to withdraw its motion for default judgment, the Court finds good cause exists to set aside the entry of default.[1]

Based on the foregoing, it is ORDERED as follows:

1. Plaintiff's Motion to Withdraw Motion for Default Judgment [DE 51] is ALLOWED;

2. Godfrey's Motion to Set Aside Entry of Default [DE 52] is ALLOWED;

3. The Clerk of Court's Entry of Default [DE 41] is SET ASIDE; and

4. Godfrey shall file a response to the second amended complaint within 14 days of the date of this Order.

SO ORDERED.

This the 25 day of February, 2016.

JAMES C. FOX
Senior United States District Judge

---

[1] Godfrey's counsel explains the entry of default against his client arose due to a technical malfunction that prevented counsel from receiving notices of electronic filings from the court. The court reminds counsel of his case management duties. Despite acknowledging receipt of plaintiff's motion for reconsideration on March 5, 2015, counsel never questioned the status of this motion. Indeed, it appears counsel ignored this matter until the week of February 15, 2016. *See* Aff. Edwin W. Bowden ¶ 4-5 ("I did not receive any further filings or notices from the Court until I quite by accident and/or providence discovered a filing in my junk email box approximately one week ago."). While the court sympathizes with counsel's technical difficulties, such difficulties do not explain counsel's failure to review this case and CM-ECF on a periodic basis.